In the Matter of the Claim of RUTH SWANSON, Respondent, against VAL LINE, INC., and THE HARTFORD ACCIDENT COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by the widow of deceased from a decision of the State Industrial Board which affirmed a disallowance of a claim for death benefits. The employer was engaged in the business of transportation of fuel oil by barges and the deceased was captain of one of the barges. On Sunday, February 5, 1939, the barge, of which the deceased was captain, was tied up at Pier 3, Tompkinsville, Staten Island. The barge had arrived at the pier at about one o'clock in the afternoon and was scheduled to leave at eleven o'clock that evening. Deceased left the barge telling his mate on the barge that he was going to his home and that he would probably be back that evening. His wife found him at home at five o'clock in the afternoon, and he remained at home until ten minutes after nine, when he stated to his wife he was going back to the boat. The evidence shows that he did not go back to the boat and was never seen alive again. Seven weeks later his body was found in the water near Pier 5. It was conclusively established by the evidence that the deceased never reached the pier or dock on the night in question where his boat was tied up. The evidence in the case supports the decision, and decision dismissing the claim should, therefore, be affirmed. Decision unanimously affirmed, without costs. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.

In the Matter of the Claim of WILLIAM RICHEAL, Respondent, against F. J. ECKERT and GLENS FALLS INDEMNITY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award, error being asserted in fixing the wage rate. Claimant had not worked the whole of the year preceding the accident. His earnings prior to the accident were determined under subdivision 2 of section 14 of the Workmen's Compensation Law to be thirty-one dollars and twenty-eight cents a week. This rate was based on the earnings of an employee engaged in a different type of trucking for a public utility corporation at a basic rate of eighty-one cents or eighty-six cents an hour, who earned $1,917.25 in the year prior to September 20, 1938 (the date of the accident). Claimant worked only for the employer during the previous year. He was employed 187 days and received $479.85 at the basic rate of fifty cents an hour. He did some work for a percentage of the amount received by the employer. Claimant's foreman, who worked the entire year, received only twenty-eight dollars a week. The rate fixed is not in compliance with section 14 of the Workmen's Compensation Law. Award reversed on the law, with costs against the State Industrial Board, and matter remitted. Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ., concur.